## McMasters v. Grennan Bakeries Company, Appellant.

Argued March 24, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Herbert M. Kidner,* with him *John H. Sorg,* for appellant.

*J. Thomas Hoffman,* with him *Conrad H. Checco,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, April 30, 1934:

Plaintiff recovered a verdict and judgment against defendant in an action of trespass, claiming that as a result of the negligent placing of a sign by one of its employees she had cut her hand, which became infected. The judgment entered against defendant was for $3,000 and it has appealed.

The material facts are these: Plaintiff kept a store in which she sold, among other things, cakes made by defendant. To build up the custom for them, defendant's employee solicited from her the privilege of placing on the front of her store a sign advertising its wares. She assented to this and the sign was nailed to the front of the building. A week or more after it had been so placed and while she was wiping the dust from the window on the front of the property, her thumb inadvertently and accidentally came in contact with and was cut by the sign which was below the window. The cut subsequently became infected. She said there was a sharp edge sticking up on the top of the sign which cut her. It is alleged that the sign had been negligently affixed to the building by defendant's employee in that it was not placed flush against the woodwork and consequently the edges, which were sharp and exposed, protruded, and that there was

negligence in failing to have the edges of the sign ground down. Just how the sign was placed with reference to the woodwork the record does not make entirely clear. In its opinion the court below says there was no positive evidence that the sign was improperly placed other than the testimony of the plaintiff that it was nailed to the moulding, which was rounded.

On the record as it is presented to us we are not convinced that defendant's negligence, assuming it to have been established, was the proximate cause of the injury. We are entirely satisfied, furthermore, that plaintiff so contributed to her own injury as to bar recovery. If there was anything dangerous about the sign she had full opportunity to observe and guard against it. While she testified that she did not see the sharp edge of the sign because her "eyes was bad" and she "couldn't see so good," we are convinced, under all of the testimony, that had she made use of her faculties of observation the accident would not have happened; since she did not, she cannot recover: 45 C. J. 947, paragraph 507; Cooley on Torts, 4th edition, section 489, page 426; Stackhouse v. Vendig & Co., 166 Pa. 582, 592.

We are also impressed with the fact that the sign was placed on the plaintiff's property with her consent. It was placed there for her benefit as well as for the defendant's benefit. It was under her exclusive control after it was erected. There was a duty on her under the circumstances to see that it was properly installed and maintained. Her failure to do so resulted in her own injury.

The judgment is reversed and is here entered for defendant.